IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES H. GOODE,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 25-CV-2445** |
| | : | |
| **CI MATTHEW NIEBEL,** *et al.*, | : | |
| **Defendants.** | : | |

## MEMORANDUM

**YOUNGE, J.**                                                     **August 14, 2025**

*Pro se* Plaintiff, James H. Goode, brings this lawsuit pursuant to 42 U.S.C. § 1983

against two Reading Police Officers, the Berks County District Attorney's Office, and John and

Jane Does.  Goode alleges constitutional violations in connection with his November 1, 2018

arrest and prosecution and the subsequent seizure of his money and personal property by the

police officers.  Goode also seeks leave to proceed *in forma pauperis*.  For the following reasons,

the Court will grant Goode leave to proceed *in forma pauperis* and dismiss his Complaint with

prejudice.

## I.    FACTUAL ALLEGATIONS[1]

Goode asserts that Reading Police Officers Gregory Zawilla and CI Matthew Niebel

---

[1] The facts are taken from Goode's Complaint and from related state court civil dockets, of which this Court can take judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006); *In re Congoleum Corp.*, 426 F.3d 675, 679 (3d Cir. 2005) ("We take judicial notice of the state court proceedings insofar as they are relevant."); *Orabi v. Att'y Gen.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) ("We may take judicial notice of the contents of another Court's docket.").  The Court adopts the pagination supplied by the CM/ECF docketing system.  The docket entry for the Complaint contains two copies of the document.  Only the page numbers from the first copy will be cited in this Memorandum.

arrested him on November 1, 2018.[2]  (Compl. at 1.)  Prior to Goode's arrest, Zawilla and Niebel had obtained a "body and search warrant for 501 Buttonwood Street, Apartment 1 after falsely alleging that on four unknown dates, an unknown confidential informant purchased cocaine from [] Goode."  (*Id.*)  Goode alleges that Zawilla and Niebel were surveilling him on the day of his arrest.  (*Id.*)  Goode was ultimately stopped, detained, searched, and arrested later that day.  (*Id.*)  Zawilla allegedly seized $365 from Goode's pockets, $1630 from his wallet, two sets of keys, and two cellular phones.  (*Id.*)  Goode states that after he was detained, Niebel went to the Reading Police Department "to retrieve unidentified items needed to execute the search warrant on 501 Buttonwood Street."  (*Id.*)  Niebel then allegedly returned to the Buttonwood Street apartment to execute the search warrant.  (*Id.*)  Goode appears to allege that Niebel planted evidence in the Buttonwood Street apartment, including three firearms, prepacked drugs (heroin, cocaine, and marijuana), and drug paraphernalia.  (*Id.* at 2.)  Goode states that he was ultimately charged with crimes in connection with the items found at the Buttonwood Street apartment, even though the items were planted by the officers, the apartment was "registered" to a different person, and he did not live there.  (*Id.*)  On February 9, 2023, the criminal charges against Goode were *nolle prossed*.  (*Id.* at 1, 2.)  At that point, Goode had been in custody for over four years on the charges.  (*Id.* at 2.)

At some undisclosed time, Goode filed a "Motion for Return of Property" with respect to the $4,647.50 in "U.S. Currency" and the "44,464 in cell phones, notes, [and] tablets" that were confiscated in conjunction with his arrest and search.  (*Id.*)  Goode allegedly also sought a hearing for the true value of his "coin collection seized from a plastic container on the kitchen

---

[2] The Court understands Niebel to be a Criminal Investigator ("CI") with the Reading Police Department and not an alleged confidential informant.

table that was unlawfully converted to cash at a Pagoda Federal Credit Union without [Goode's] approval." (*Id*. at 2.)  Goode states that on February 16, 2024, a forfeiture hearing was held, where Zawilla and Niebel testified and "admitted that the seized funds [were] not marked money, and that there was no illegal activity committed on November 1, 2018 . . . [when Goode's] funds and property belonging to his legitimate business, Good Money, LLC was seized." (*Id*.)  The judge in the forfeiture proceedings entered an order on February 20, 2024, "allowing the Commonwealth to keep $2669.50 of the funds seized." (*Id*. at 3.)  Goode appealed the order, contending, among other things, that the Court repeatedly interfered with his cross-examination of Zawilla and Niebel "about the stop, detention, search, and arrest" of Goode.[3] (*Id*.)  Goode remains in custody.  (*Id*.)  Based on these allegations, Goode asserts constitutional claims and seeks money damages and the return of his property.  (*Id*.)

## II.    STANDARD OF REVIEW

The Court grants Goode leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether

---

[3] The public docket reflects that forfeiture proceedings were initiated by the Berks County District Attorney's Office and that a forfeiture hearing was held on February 16, 2024. *See In re: James H. Goode*, No. CP-06-MD-0001338-2020 (C.P. Berks).  The docket also reflects that the on February 20, 2024, an order was entered granting the Berks County District Attorney's Office's Motion for Forfeiture and Condemnation.  (*Id*.)  It appears that Goode appealed that Order and the appeal is pending.  (*Id*.)

[4] Because Goode is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in Goode's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Additionally, a court may dismiss a complaint based on an affirmative defense such as the statute of limitations when the "defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017); *Whitenight v. Commw. of Pa. State Police*, 674 F. App'x 142, 144 (3d Cir. 2017) (*per curiam*) ("When screening a complaint under § 1915, a district court may *sua sponte* dismiss the complaint as untimely under the statute of limitations where the defense is obvious from the complaint and no development of the factual record is required." (citations omitted)). As Goode is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

As best as the Court can discern from the Complaint, Goode asserts Fourth Amendment claims against Defendants in connection with his arrest, search, and prosecution, and Fourteenth Amendment due process claims in connection with the seizure of his property and money. Goode asserts his constitutional claims pursuant to § 1983, the statute enabling a plaintiff to raise claims for violations of the federal constitution. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must

show that the alleged deprivation was committed by a person acting under color of state law."

*West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.    Fourth Amendment Claims

The Court understands Goode to assert Fourth Amendment claims based on his November 1, 2018 arrest, the officers' search of his body and the Buttonwood Street apartment, and the resulting prosecution for firearms and drug charges. However, any claims based on his arrest, search, and prosecution are time barred. Section 1983 claims, such as those brought by Goode, are subject to the state statute of limitations for personal injury actions. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Pennsylvania, that limitations period is two years. *See* 42 Pa. Cons. Stat. § 5524. A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998).

Any Fourth Amendment claim that Goode asserts in connection with his arrest accrued on November 1, 2018. *See Lloyd v. Ocean Twp. Counsel*, 857 F. App'x 61, 64 (3d Cir. 2021) (*per curiam*) (noting that false arrest and imprisonment claims begin to run at the time the plaintiff was "detained pursuant to legal process"); *Green v. United States*, 418 F. App'x 63, 67 (3d Cir. 2011) (*per curiam*) ("The statute of limitations for a § 1983 claim seeking damages for a violation of the Fourth Amendment for false arrest or false imprisonment begins to run 'at the time the claimant becomes detained pursuant to legal process.'"). Similarly, any Fourth Amendment claim Goode asserts in connection with the related searches of his body and the

Buttonwood Street apartment also accrued on November 1, 2018.  *See Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018) (illegal search claims accrue at "the moment of the search"); *Ojo v. Luong*, 709 F. App'x 113, 116 (3d Cir. 2017) (*per curiam*) ("Most of [plaintiff's claims] accrued when defendants conducted their searches and seizures on July 11, 2011, because [plaintiff] knew or should have known the basis for these claims at that time."); *Woodson v. Payton*, 503 F. App'x 110, 112 (3d Cir. 2012) (*per curiam*) (concluding that Fourth Amendment unreasonable search and seizure claims accrued when the search and seizure occurred because this was "the moment that [the plaintiff] indisputably knew about the alleged faults of search and seizure").  Goode did not file this civil action until April 18, 2025, more than seven years after his Fourth Amendment claims accrued.  Therefore, any Fourth Amendment claims based on his arrest and the associated searches are barred by the applicable two-year statute of limitations and thus must be dismissed.

To the extent that Goode also asserts malicious prosecution claims based on allegations that his charges were ultimately *nolle prossed*, those claims accrued on the date that the charges were *nolle prossed* on February 9, 2023.  *See McDonough v. Smith*, 139 S. Ct. 2149, 2156 (2019); *Rose v. Bartle*, 871 F.2d 331, 349 (3d Cir. 1989); *Lloyd*, 857 F. App'x at 64 (stating that the statute of limitations begins to run on malicious prosecution claims when "the criminal proceedings against the defendant (i.e., the § 1983 plaintiff) have terminated in [his] favor" (quotation omitted)); *Talbert v. Dep't of Corr.*, No. 22-4189, 2022 WL 17177479, at *5 (E.D. Pa. Nov. 23, 2022) ("Mr. Talbert's malicious prosecution claim accrued when the lower court granted *nolle pros* on September 27, 2022.").  Because Goode did not file this civil action until more than two years after the claims accrued, any malicious prosecution claim would also be time barred and must be dismissed.  Moreover, there are no allegations in the Complaint that

would support a basis for equitable tolling of any of Goode's Fourth Amendment claims. *See Lloyd*, 857 F. App'x at 64.

### B.    Fourteenth Amendment Claims

Goode also appears to assert due process claims in connection with Defendants' seizure of his money and property during the searches and the subsequent forfeiture proceedings initiated by the Berks County District Attorney's Office. Even if Goode's due process claims are not barred by the statute of limitations, the claims are nonetheless not plausible.[5] Under the Fourteenth Amendment, Goode is entitled to due process of law before the government can deprive him of his "life, liberty, or property." U.S. Const. amend. XIV, § 1, cl. 3. Nonetheless, an individual may not assert a claim under § 1983 for even an intentional deprivation of the individual's property by a state employee "if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Daniels v. Williams*, 474 U.S. 327, 328 (1986) (negligent acts of officials causing unintentional loss of property do not violate due process).

The allegations in Goode's Complaint confirm that he has availed himself of postdeprivation remedies. He filed a "Motion for Return of Property" with respect to the money and personal property allegedly confiscated by Zawilla and Niebel and participated in a forfeiture hearing where he cross-examined both officers. (Compl. at 2 (referencing *In re: James H. Goode*, No. CP-06-MD-0001338-2020 (C.P. Berks).) Moreover, Pennsylvania Rule of Criminal Procedure 588(A) provides an adequate post-deprivation remedy for claims related to

---

[5] To the extent that the forfeiture proceedings tolled the accrual date on any due process claims, the forfeiture proceedings did not conclude until February 2024, which was within the 2-year statutory of limitations period. *See Wilson v. City of Newark*, No. 06-5219, 2007 WL 1135301, at *2 (D.N.J. Apr. 16, 2007) (observing that Fourteenth Amendment deprivation of property claims are subject to a two-year statute of limitations).

the seizure of property.  That rule provides that "[a] person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move [in the court of common pleas for the judicial district in which the property was seized] for the return of the property on the ground that he or she is entitled to lawful possession therefor."  Pa. R. Crim. P. 588(A).  Courts in the Third Circuit have held that Rule 588(A) provides an adequate postdeprivation remedy for claims related to the seizure of property, thus precluding any due process claims related to the seizure.  *See McKenna v. Portman*, 538 F. App'x 221, 224 (3d Cir. 2013) (stating that "there is no cognizable Fourteenth Amendment procedural due process claim here as the state provided a reasonable post-deprivation process [with Rule 566(a)] to challenge the seizure of property and request its return"); *Hammond v. Lancaster City Bureau of Police*, No. 17-1885, 2021 WL 5987734, at *5 (E.D. Pa. Dec. 16, 2021) (dismissing due process claim based on police officers' failure to return property seized pursuant to a warrant because Pennsylvania provides an adequate postdeprivation remedy with Rule 588(A)).  Accordingly, any Fourteenth Amendment due process claims that Goode asserts must also be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Goode leave to proceed *in forma pauperis* and dismiss his Complaint.  As Goode is unable to cure the defects the Court has noted regarding his Claims, the Court will dismiss the Complaint with prejudice and close the case.  An appropriate Order follows.

BY THE COURT:

/s/ John Milton Younge

_____

JOHN M. YOUNGE, J.